IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JASON EMANUEL SPARKS, | : | |
| Plaintiff, | : | |
| v. | : | NO. 5:14-CV-00221 (MTT) (CHW) |
| Doctor CHIQUITA A. FYE, *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

On June 13, 2014, Plaintiff Jason Emanuel Sparks filed his original complaint in the above-styled case pursuant to 42 U.S.C. § 1983. In the original complaint, Plaintiff alleged that he was denied medical care following a transfer from Augusta State Medical Prison ("ASMP") to Macon State Prison ("MSP"). Plaintiff claims that since his transfer he has been denied Neurontin—a drug prescribed to him after undergoing surgery at ASMP—and that Defendants Fye, Nash, and Smith have been deliberately indifferent to his medical needs. Plaintiff sues the Defendants, seeking both injunctive relief and compensatory and punitive damages.

Defendants Fye and Smith filed a Motion to Dismiss for Failure to State a Claim on August 25, 2014 (Doc. 16), and Defendant Nash filed a Motion to Dismiss for Failure to State a Claim on September 29, 2014 (Doc. 27). Plaintiff responded to Defendants Fye and Smith on September 15, 2014 (Doc. 24), and to Defendant Nash on October 9, 2014 (Doc. 33).

To survive a motion to dismiss for failure to state a claim, a complaint need only contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and construe all facts in the light most

favorable to the plaintiff. *Lopez v. Target Corp.*, 676 F.3d 1230, 1232 (11th Cir. 2012).

Additionally, this Recommendation also considers facts alleged or presented in exhibits attached to Plaintiff's Responses to Defendants' Motions to Dismiss.[1] This liberal construction of Plaintiff's allegations is based on the well-established principle of leniency, which allows *pro se* litigants greater flexibility with the standards for pleadings. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). This Court has previously recognized that this policy "provides pro se laypersons with certain benefits while navigating the often-difficult legal labyrinth, [and] also provides Federal courts the ability to relax certain procedural rules when dealing with pro se parties, all in the interests of justice." *Jones v. Nicholson*, No. 1:07–cv–16 (WLS), 2011 WL 2160918, at *3 (M.D.Ga. Jun. 1, 2011), *see also Waters v. Philbin*, No. 7:10-CV-105 HL, 2011 WL 4043788, at *1 (M.D. Ga. Sept. 12, 2011) (considering evidence presented in Plaintiff's Response to Defendants' Motion to Dismiss).

As discussed below, it is **RECOMMENDED** that the Defendants' Motions to Dismiss (Docs. 16, 27) be **DENIED**, such that Plaintiff's denial-of-medical-care claims go forward against Defendant Fye, Defendant Nash, and Defendant Smith.

## I.   BACKGROUND

Plaintiff's pro se Section 1983 complaint concerns the alleged denial of medical care following a surgery performed while he was incarcerated at ASMP. Plaintiff, a prisoner, claims that he suffered nerve damage after a discectomy, manifested in the form of "a hot burning pain from the top left of [his] shoulder blade close to the back of [his] neck all the way down [his] left

---

[1] Defendants Fye and Smith, erroneously state in their Reply to Plaintiff's Response that "Plaintiff … impermissibly relies on matters outside of the Complaint" to fully present his arguments. Doc. 32. This Court has previously held that it may consider exhibits attached to Plaintiff's response on a Motion to Dismiss.

arm to [his] fingertips." Doc. 1, p. 5; Doc. 24-1. After the surgery was performed, Plaintiff suffered from pain, and Dr. Mawmson told Plaintiff that he suffered from nerve damage. Dr. Mawmson prescribed Neurontin for the pain. *Id.* The medication alleviated most of the pain. *Id.* Once Plaintiff was transferred back to MSP, on December 30, 2013, Plaintiff saw Defendant Nash, who "refused to order [his] medication because she said she could not find the original order from Dr. Mawmson … and would have to see Dr. Fye first." *Id.* Plaintiff filled out a Health Service Request Form on January 1, 2014 and January 4, 2014, stating that he was in pain and needed his medication. *Id* at 6, *see also* Doc. 24-3, 24-3. On January 14, 2014, Defendant Nash told Plaintiff that she had spoken with Dr. Fye about his medication and that he would no longer be receiving it. Doc. 1 at 6. As a result, Plaintiff concluded that this "denial of medical care has caused [him] to be in severe pain continuously," and that this shows "deliberate indifference." *Id.* Plaintiff states that as of June 11, 2014 he had not been seen by any doctor at MSP for his nerve pain, and that he wrote letters to Director of Nursing Smith requesting a transfer to ASMP or to an outside doctor, but did not receive a response. *Id.* at 7; Doc. 24-7. Plaintiff's letters to Defendant Smith also detail specifics concerning his nerve damage, his surgery, his prescription, and his repeated requests to be seen by someone. Doc. 24-7. Plaintiff wants "Dr. Fye and P.A. Nash to be relieved of their medical license," and seeks both injunctive relief and compensatory and punitive damages. *Id.* at 8.

## II. DELIBERATE INDIFFERENCE

Defendants argue in two separate motions that Plaintiff has failed to state a claim upon which relief may be granted. Docs. 16, 27. Because Plaintiff pleads sufficient facts to state a claim for relief, and because Defendants are not entitled to qualified immunity, it is recommended that Plaintiff be allowed to proceed on his claims for denial of medical care.

3

In order to establish a claim of deliberate indifference, a prisoner must show (i) a serious, objective medical need; (ii) deliberate indifference to that need on the part of prison officials; and (iii) resulting harm. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The second prong of the deliberate indifference test, the deliberate indifference prong, requires a showing that prison officials (i) had subjective knowledge of a risk of serious harm; but (ii) disregarded that risk; by (iii) conduct that was "more than gross negligence." *Id.* at 1326-27. Each of these elements is analyzed for each Defendant below.

**A. Defendant Nash**

Plaintiff claims, in his Complaint, that Defendant Nash refused to provide him with Neurontin because she should not find the original order from Dr. Mawmson. Doc. 1, p. 5. In other words, Plaintiff argues that Defendant Nash was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Estelle*, 429 U.S. 97. In her motion to dismiss, Defendant Nash argues that Plaintiff failed to satisfy the "deliberate indifference" prong of the deliberate indifference test. Doc. 27-1, p. 7. She claims that Plaintiff's pleadings contain insufficient factual material to demonstrate "that P.A. Nash was aware of any facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed if Plaintiff did not receive Neurontin." *Id.* Defendant Nash also argues that she is entitled to qualified immunity. *Id* at 10-13. Because Plaintiff pleads sufficient facts to state a plausible claim for relief, however, and because Plaintiff alleges that Defendant Nash violated "clearly established federal law," it is recommended that Plaintiff be allowed to proceed on his claims against Defendant Nash.

1. *Objective Medical Need*

Plaintiff claims that he is suffering from nerve damage diagnosed by Dr. Mawmson. Doc. 1, p. 5. The Eleventh Circuit held that: "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010), *quoting Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). As Plaintiff claims that he has been diagnosed by Dr. Mawmson for nerve damage, Plaintiff meets this element.

2. *Subjective Knowledge and Disregard*

Construed in the light most favorable to Plaintiff, the record indicates that Defendant Nash was also subjectively aware of Plaintiff's alleged need for pain medication. Plaintiff claims that Defendant Nash told Plaintiff after she "refused to order his medication," that he had "to be in pain just because she was unable to find one sheet of paper until the doctor can see [Plaintiff] when she had numerous other orders from doctors from the past [three] years." Doc. 1, p. 6. Plaintiff also states that he requested pain medication from Defendant Nash when she made her rounds *Id*. Plaintiff's response to Defendant's Motion to Dismiss appears to corroborate his allegations. For example, in Documents 24-2 and 24-3, Plaintiff submitted two Health Services Request Forms stating that he was in pain and needed his medication, had spoken with several nurses, and had still not received his medication. Docs. 24-2 and 24-3.  The allegations also indicate that Defendant Nash disregarded the risk by responding that Plaintiff would have to stay in pain after he requested Neurontin. Doc. 1, p. 6. Because the Court must accept as true all the allegations in Plaintiff's complaint for purposes of reviewing the Defendants' motion to dismiss, the Defendants' subjective-awareness argument is not persuasive.

3.  *Conduct "More than Gross Negligence"*

Plaintiff has alleged sufficient facts to indicate that "[Defendant] Nash acted in an objectively unreasonable manner" in refusing the pain medication prescribed by Dr. Mawmson. Doc. 27-1, p. 7. Plaintiff alleges that he has "a hot burning pain from the top left of [his] shoulder blade close to the back of [his] neck all the way down [his] left arm to [his] fingertips." Doc. 1, p. 5. Plaintiff also claims that he was given pain medication until his transfer back to MSP. *Id*. "[A] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . cause a prisoner to needlessly suffer [] pain." *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999). As Plaintiff's medical need is objectively serious, as discussed above, the Defendants' refusal to provide Plaintiff with pain medication cannot be dismissed at this point in the proceedings as a mere "medical judgment call." *Cf. Benson v. Gordon County, Ga.*, 479 Fed. Appx. 315 (11th Cir. 2012) (affirming the denial of summary judgment on a denial-of-pain-medication claim) *with Baez v. Rogers*, 522 Fed. App'x. 819 (11th Cir. 2013) (affirming the dismissal of a denial-of-pain-medication claim based on the lack of an objectively serious medical need). Accordingly, it is recommended that the Court find that Plaintiff stated a plausible claim for relief against Defendant Nash.

**B. Defendant Fye**

Plaintiff claims, in his Complaint, that Defendant Fye refused to provide him with Neurontin because Plaintiff "was not on that medication when he was at this prison in 2010." Doc. 1, p. 5. In other words, Plaintiff argues that Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Estelle*, 429 U.S. 97 (1976). In her motion to dismiss, Defendant Fye argues that Plaintiff's pleadings contain insufficient factual

6

material about circumstances "that would cause Dr. Fye to believe there was a substantial risk of serious harm to Plaintiff." *Id.* at 9. Defendant Fye further argues that "Plaintiff makes no specific factual allegations to support a finding that the lack of medication endangered his life or constituted a failure to treat a serious medical condition, or any deliberate indifference by Dr. Fye." *Id.*, (*citing Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference.) (internal quotations omitted)). Defendant Nash also argues that she is entitled to qualified immunity. *Id* at 10-13. Because Plaintiff in fact pleads sufficient facts to state a plausible claim for relief, and because Plaintiff alleges that Defendant violated "clearly established federal law," it is recommended that Plaintiff be allowed to proceed on his claims against Defendant Fye.

1. *Objective Medical Need*

As discussed in section II, A, 1, *supra*, Plaintiff pled in his complaint that he was diagnosed by Dr. Mawmson with nerve damage, therefore stating the first element of his claim. Doc. 1, p. 5,

2. *Subjective Knowledge and Disregard*

Construed in the light most favorable to Plaintiff, the pleadings indicate that Fye was subjectively aware of Plaintiff's alleged need for pain medication. Plaintiff alleges that he filled out and submitted multiple Health Service Request Forms, and spoke with Defendant Nash several times about his pain. Nash was supposed to relay concerns about Plaintiff's pain to Defendant Fye. *Id.* at 6. Additionally, Plaintiff alleges that Dr. Fye was aware of the harm to Plaintiff, and even responded to his request by denying the prescribed pain medication. *Id.* Documents attached to Plaintiff's response to Defendant's Motion to Dismiss appear to

7

corroborate his allegations. As mentioned above, in Documents 24-2 and 24-3 Plaintiff submitted two Health Services Request Forms stating that he was in pain and needed his medication, had spoken with several nurses, and had still not received his medication. Docs. 24-2 and 24-3.  The allegations also suggest that Defendant Fye disregarded the risk by responding that Plaintiff would not receive his medicine because "he was not prescribed the medication in 2010." Doc. 1, p. 6. Because the Court must accept as true all the allegations in Plaintiff's complaint for purposes of reviewing the Defendants' motion to dismiss, the Defendants' subjective-awareness argument is not persuasive.

3.  *Conduct "More than Gross Negligence"*

The Defendants argue, citing an Eleventh Circuit decision, that "where an inmate's health complaints received significant medical attention, [courts are] reluctant to second guess the medical judgments of those who provided care." Doc. 16-1, p. 9, *citing Wallace v. Sheriff*, 518 Fed. App'x. 621, 622 (11th Cir. 2013). In *Wallace*, the inmate received significant medical attention in the form of prompt visits from doctors, ice packs applied to his back, a wheelchair, a walker, and pain medication. In this case, Plaintiff alleges that he was simply denied the treatment prescribed by a doctor. Plaintiff claims that he was given pain medication as prescribed, until his transfer back to MSP. *Id.* Further, Plaintiff pleads that he "has not been seen by ANY [doctor] pertaining to [his] issues," and has not received his pain medication. Doc. 1, p. 7. "[A] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . cause a prisoner to needlessly suffer [] pain." *McElligott*, 182 F.3d at 1257. As Plaintiff's medical need is objectively serious, Defendant Fye's alleged refusal to provide Plaintiff with pain medication cannot be dismissed at this point in the proceedings as a mere "medical judgment call." *Cf.*

8

*Benson,* 479 Fed. App'x. 315 (affirming the denial of summary judgment on a denial-of-pain-medication claim) *with Baez*, 522 Fed. App'x. 819 (11th Cir. 2013) (affirming the dismissal of a denial-of-pain-medication claim based on the lack of an objectively serious medical need). Accordingly, it is recommended that the Court find that Plaintiff stated a plausible claim for relief against Defendant Fye.

**C. Director of Nurses Barbara Smith**

Plaintiff claims, in his Complaint, that Defendant Smith has not responded to his request to be transferred to an outside doctor or to Augusta State Medical Prison. Doc. 1, p. 7. With his response to Defendant Smith's Motion to Dismiss, Plaintiff also provides a letter in which he discusses his nerve damage, his surgery, his prescription, and his repeated requests to be seen by someone, and request that she do something so that he can get his medication. Doc. 24-7. The allegations are sufficient to state a prima facie case for deliberate indifference.

1. *Objective Medical Need*

As discussed above, Plaintiff pled in his complaint that he was diagnosed by Dr. Mawmson with nerve damage, therefore meeting the first element of deliberate indifference. Doc. 1, p. 5.

2. *Subjective Knowledge and Disregard*

Construed in the light most favorable to Plaintiff, the record indicates that Smith was subjectively aware of Plaintiff's alleged need for pain medication. Defendant Smith contends that Plaintiff's pleadings contain insufficient factual material to prove the subjective element of deliberate indifference, and at first glance Plaintiff's complaint does not specifically allege that Defendant Smith knew of Plaintiff's objective medical need. However, pro se litigants are allowed a certain amount of leniency, and this court can consider evidence presented in

Plaintiff's response.[2] Plaintiff's letter to Smith, which he presented as an exhibit to his Response, confirms that Defendant Smith knew of Plaintiff's objective medical need, had subjective knowledge of a risk of serious harm, and disregarded that risk by not responding to his letter. Because the Court must accept as true all the allegations in Plaintiff's complaint for purposes of reviewing the Defendants' motion to dismiss, the Defendants' subjective-awareness argument is not persuasive.

3. *Conduct "More than Gross Negligence"*

Despite Plaintiff's repeated requests and letters to Defendant Smith, Plaintiff alleges that no action has been taken and that he is still in pain. Plaintiff alleges that he has "a hot burning pain from the top left of [his] shoulder blade close to the back of [his] neck all the way down [his] left arm to [his] fingertips." Doc. 1, p. 5. Plaintiff claims that he was given pain medication until his transfer back to MSP. *Id.* Further, Plaintiff pleads that he "has not been seen by ANY [doctor] pertaining to [his] issues," and has not received his pain medication. Doc. 1, p. 7. "[A] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . cause a prisoner to needlessly suffer [] pain." *McElligott*, 182 F.3d at 1257. Plaintiff's medical need is objectively serious, and Defendant Smith's refusal to act cannot be dismissed at this point as Plaintiff has pled a prima facie case for deliberate indifference.  As such, Plaintiff has stated a plausible claim for relief against Defendant Smith.

### III. Qualified Immunity

Plaintiff has not clearly stated in what capacity he sues Defendants. Nevertheless, construing Plaintiff's pleadings liberally, the Court must consider questions of qualified immunity.

---

[2] Doc. 32, p. 2, *but see Waters*, 2011 WL 4043788, at *1.

In their official capacities, Defendants are immune from damages based on the Eleventh Amendment. *Gamble v. Fla. Dept. of Health and Rehabilitative Services*, 779 F.2d 1509, 1512–13 (11 Cir. 1986) (holding that absent a legitimate abrogation of immunity by Congress or waiver of immunity by the State, the Eleventh Amendment is an absolute bar to suit by an individual against the state, its agencies, or a responsible state officer sued in his official capacity). Relatedly, because neither a State nor its officials acting in their official capacities are "persons" under § 1983, it is recommended that Plaintiff's claims for damages against the Defendants, in their official capacities, be dismissed. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment provides no bar, however, to federal court adjudication of suits against state officers individually. *Gamble, supra*, 779 F.2d at 1512–13 (*citing Scheuer v. Rhodes*, 416 U.S. 232 (1974) *and Monroe v. Pape*, 365 U.S. 167 (1961)). Clearly established law provides that "prison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain *McElligott*, 182 F.3d at 1257 (citing *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990)); *see also Benson,* 479 Fed. App'x. at 319 ("Our cases have consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitutes deliberate indifference"). Here, as in *Benson*, the facts viewed in the light most favorable to Plaintiff show that the Defendants knew of a need for medical care and intentionally refused to provide that care. In light of such allegations, a finding of qualified immunity is not appropriate at this stage of the proceedings.

### IV.     Breadth of Requested Injunctive Relief

The Defendants finally argue that Plaintiff's request for injunctive relief should be dismissed because it is not "narrowly drawn." (Doc. 32, p. 5; Doc. 41, p. 4). Plaintiff specifically

11

requests that Defendants Fye and Nash be relieved of their medical license and that he be given medication to alleviate his pain. The PLRA requires that Courts "narrowly tailor" remedies in order to correct the specific violations of the rights of particular plaintiffs. *See* 18 U.S.C. § 3626(a)(1). Nevertheless, federal courts "may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Brown v. Plata*, 131 S. Ct. 1910, 1929 (2011). Plaintiff's request for pain medication is sufficiently narrow to permit his claim for injunctive relief to go forward. His request for an injunction revoking Defendants Fye and Nash's medical license is not relief this Court can grant in this case, however.

## **CONCLUSION**

In accordance with the analysis above, it is **RECOMMENDED** that the Defendants' Motions (Doc. 16, 27) be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 19th day of December, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge