**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JASON EMANUEL SPARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 5:14-CV-221 (MTT)** |
| | ) |
| **Doctor CHIQUITA A. FYE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**<u>ORDER</u>**

Before the Court are the Plaintiff's motion for a preliminary injunction and
temporary restraining order (Doc. 46) and a Report and Recommendation of United
States Magistrate Judge Charles H. Weigle (Doc. 42) on the Defendants' motions to
dismiss (Docs. 16; 27).  The Defendants filed a response to the Plaintiff's motion (Doc.
47) and an objection to the Recommendation (Doc. 45).

The Plaintiff seeks an order requiring the Defendants to transfer him to another
prison and send him "to an outside neurologist to be examined."  (Doc. 46 at 1-2).  The
Plaintiff also seeks an order restraining the Defendants from "hindering any and all
medical judgment[s] concerning [the] Plaintiff, treating [the] Plaintiff for any and all
medical conditions or incidents," and handling the Plaintiff's medical file.  (Doc. 46 at 2).
Although the Plaintiff was a prisoner at Macon State Prison when he filed the motion,
and the Defendants work or worked[1] at Macon State Prison, the Plaintiff has since been
transferred to Hays State Prison.  (Docs. 46 at 2; 48).  "The general rule in [this] circuit
is that a transfer … from prison will moot that prisoner's claims for injunctive and

---

[1] Defendant Nash no longer works at Macon State Prison.  (Docs. 47 at 3; 47-3 at ¶ 14).

declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1657 n.3 (2011).  There is no indication that the exception to the general rule of mootness applies.  *See Medberry v. Crosby*, 135 F. App'x 333, 334 (11th Cir. 2005).  Accordingly, the Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 46) is **DENIED as moot**.

As the Magistrate Judge thoroughly discussed in the Recommendation, the Plaintiff suffers from nerve damage as a result of a surgery performed in 2011 and claims he was denied the medication prescribed to treat his nerve damage when he was transferred to Macon State Prison.  (Doc. 1 at 5).  In their objection to the Recommendation, the Defendants claim the Magistrate Judge erred in concluding that the Plaintiff has stated claims for relief and that they are not entitled to qualified immunity at this stage in the litigation.  Defendant Fye primarily argues her denial of the prescribed treatment was a medical opinion.  (Doc. 45 at 5).  However, the Plaintiff adequately alleges that the "medical care provided was so cursory as to amount to no treatment at all." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d at 700, 704 (11th Cir. 1985); *see also McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999).  Defendants Nash and Smith primarily argue that because they did not have authority to prescribe the Plaintiff's medication their refusal to do so cannot constitute deliberate indifference.  (Doc. 45 at 3-4).  They argue they are entitled to qualified immunity for the same reason: there is no clearly established law "holding that individuals who have no authority to prescribe pain medication … violate the Eighth Amendment by failing to prescribe such medication."  (Doc. 45 at 5).  Defendant Nash further argues she did not

disregard the Plaintiff's "pain" because she notified the person who had authority to prescribe the medication, Defendant Fye.  (Doc. 45 at 4).

The Eleventh Circuit has repeatedly held that "an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but [she] fails or refuses to obtain medical treatment for the inmate."  *McElligott*, 182 F.3d at 1255 (citation omitted).  The Plaintiff alleges Defendant Smith was aware of his serious medical need and the complete denial of medical care.  (Docs. 1 at 5-7; 24-7).  Although Defendant Smith had the power to secure an examination for the Plaintiff, she refused to respond to the Plaintiff's plea for help.  (Docs. 1 at 5-7; 24-7).  Similarly, Defendant Nash was aware the Plaintiff had been prescribed medication, but waited fourteen days, without explanation, before informing the Plaintiff that Defendant Fye would not provide the medication.  *See Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) ("[I]t was clear that deliberate indifference could be inferred from an unexplained delay in treating a known or obvious serious medical condition.");  *McElligott*, 182 F.3d at 1258 n.6; *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990).

Moreover, Defendant Fye's decision to deprive the Plaintiff of his medication simply because he had not been prescribed the medication before the surgery was medical care "so cursory as to amount to no treatment at all."  *Ancata*, 769 F.2d at 704.  Defendant Nash, knowing that the Plaintiff's medication was prescribed *after* the surgery, was in a position to rectify or attempt to rectify this denial of medical care.  Instead, Defendant Nash did nothing.  Therefore, as to each Defendant, the type of inaction alleged by the Plaintiff violates the well-established "right of prisoners to timely

treatment for serious medical conditions."  *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007); *see also Mandel v. Doe*, 888 F.2d 783, 788-90 (11th Cir. 1989); *Carswell v. Bay County*, 854 F.2d 454, 457 (11th Cir. 1988).

The Court has thoroughly considered the Defendants' objections and has made a de novo determination of the portions of the Recommendation to which the Defendants object.  The Court has reviewed the Recommendation and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Defendants' motions to dismiss (Docs. 16; 27) are **DENIED**.

**SO ORDERED**, this 26th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT